UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANOIS ALLEN, individually and on behalf of all others similarly situated; | ) ) ) ) |
| Plaintiff(s), | ) Civil No. 1:17-cv-7085 ) |
| v. | ) CLASS ACTION COMPLAINT ) |
| THE CJS SOLUTIONS GROUP, LLC d/b/a THE HCI GROUP, | ) ) ) ) |
| Defendant. | ) |

Plaintiff, Danois Allen ("Allen" or "Plaintiff"), by and through counsel, asserts an individual claim against Defendant The CJS Solutions Group, LLC d/b/a The HCI Group ("HCI" or "Defendant") for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Allen, on behalf of himself and all others similarly situated, also brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for violations of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 et.seq.

**NATURE OF PLAINTIFF'S CLAIMS**

1. Allen brings his FLSA claim pursuant to 29 U.S.C. § 216(b) and seeks to recover overtime compensation and statutory penalties for himself for all time worked in excess of 40 hours in any workweek during the three-year period preceding the filing of this Complaint.

2. Allen brings his NCWHA claim pursuant to the class action provision of Federal Rule of Civil Procedure 23 and seeks to recover unpaid wages and related penalties and damages for himself and any similarly situated consultants to remedy Defendant's practice and policy of

willfully failing and refusing to properly pay Plaintiff and all similarly situated employees all of their earned and accrued wages on their regular pay dates.

## THE PARTIES

3. Allen is an adult individual who is a resident of Frankfort, Kentucky. Allen was employed by HCI as a Consultant and performed work for HCI's clients at various times in 2016.

4. HCI is a Florida corporation registered and in good standing in the State of New York, with its principal place of business located in Jacksonville, Florida.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

6. This Court has personal jurisdiction because Defendant conducts business in this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because some of the unlawful acts alleged herein occurred in this judicial district.

8. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

9. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

**COVERAGE ALLEGATIONS**

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

15. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

16. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. HCI provides information technology educational services for the healthcare industry in North Carolina and throughout the United States.

18. HCI employs consultants who perform training and support services for HCI's clients.

19. During 2016, Allen worked as a consultant for HCI and was assigned to work at High Point Regional Medical Hospital in High Point, North Carolina, Caldwell Memorial Hospital in Lenoir, North Carolina, and Queens Elmhurst Hospital in Queens, New York.

20. Allen and other similarly situated consultants were paid solely on an hourly basis.

21. HCI unlawfully classified Allen and other similarly situated consultants as "independent contractors", even though HCI supervised, maintained substantial control, and reserved the right to control them, the conditions of their work and the performance of their work.

22. Allen and other similarly situated consultants performed work that was an integral part of HCI's business; i.e. providing information technology educational services to the healthcare industry.

23. Allen and other similarly situated consultants did not make any significant investment in relation to their work with HCI. HCI provided the training and equipment necessary to perform their job duties.

24. Allen and other similarly situated consultants had little or no opportunity for profit or loss related to their work with HCI. HCI paid each consultant a fixed hourly rate of pay for all time worked, including time over 40 hours in any given workweek.

25. Allen and other similarly situated consultants performed work that did not require special skill, judgement or initiative. HCI provided training to Allen and other similarly situated consultants.

26. Allen and other similarly situated consultants were economically dependent on HCI and were not permitted to perform services for any other company during their time working for HCI.

27. Allen and other similarly situated consultants had no control over pricing for HCI clients.

28. Allen and other similarly situated consultants did not perform job duties that would permit HCI to lawfully classify them as exempt under the FLSA.

29. HCI regularly required Allen and other similarly situated consultants to work 12-hour shifts, 7 days a week.

30. HCI paid Allen and other similarly situated consultants a straight hourly rate for all time worked, including time worked in excess of 40 hours in any given workweek.

31. HCI did not pay Allen and other similarly situated consultants all of their earned wages on their regularly scheduled pay days.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings Count II of his Complaint pursuant to Fed. R. Civ. P. 23 on behalf of himself and the following class: All individuals who were classified as "independent contractors" while performing consulting work for The CJS Solutions Group, LLC d/b/a The HCI Group in the state of North Carolina from September 12, 2015 to the present.

33. This action under NCWHA, N.C. Gen. Stat. §§ 95-25.6, is maintainable as a class action pursuant to Rule 23 for HCI's failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

34. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendant's payroll records or records over which they have control.

35. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of at least 100 persons.

36. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendant's failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

(a) whether Defendant refused to timely pay Plaintiff and members of the proposed class promised and earned regular and overtime wages for all hours worked over forty (40) per week on their regular pay day in violation of NCWHA §§ 95-25.6; and

(b) Whether Defendant's refusal to pay such compensation violates NCWHA.

37. The damages suffered by the named Plaintiffs and the members of the proposed class arise from the same nucleus of operative facts.

38. The claims of Plaintiff are typical of those claims that could be alleged by any member of the proposed class and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same

6

compensation practices of Defendant; i.e. refusing to timely pay promised and earned wages on regular paydays.  The compensation policies and practices of Defendant affected all class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member.  Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

39. Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class.  Plaintiff has retained counsel who is experienced and competent in both wage and hour and multi-plaintiff litigation.

40. A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

41. Important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action.  Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment

of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

**(Violation of FLSA – Individual Overtime Claim)**

42. Plaintiff incorporates by reference paragraphs 1-41 of his Complaint.

43. Count I arises from Defendant's violation of the FLSA, for its failure to pay overtime wages earned by Plaintiff.

44. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

45. Defendant's violation of the FLSA was willful.

## COUNT II

**(Violation of NCWHA – Class Action)**

46. Plaintiff incorporates by reference paragraphs 1 through 45 of his Complaint.

47. Count II arises from Defendant's policy and practice of suffering or permitting Plaintiff and similarly situated employees to work without timely paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6.

48. Defendant violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiff and similarly situated employees all promised and earned wage payments on the employees' regular payday for all hours worked.

49. Defendant's violation of the NCWHA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the Court:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order certifying this action as a class action under the NCWHA and designating the above Plaintiff as a representative on behalf of all those similarly situated consultants, or any other similarly titled position;

c) An Order pursuant to the NCWHA finding Defendant liable for unpaid and untimely wages and liquidated damages equal in amount to the unpaid and untimely compensation due to Plaintiff and the class;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

g) A Declaration and finding by the Court that Defendant willfully violated provisions of the NCWHA by failing to comply with payday requirements of the NCWHA.

h) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i) An Order granting such other and further relief as may be necessary and appropriate.

Dated: September 18, 2017					Respectfully submitted,

/s/ James B. Zouras
James B. Zouras, IL Bar #6230596
(*Pro hac vice* forthcoming)
**STEPHAN ZOURAS, LLP**
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601
Email: Jzouras@stephanzouras.com

Philip J. Gibbons, Jr., NCSB #50276
(*Pro hac vice* forthcoming)
**STEPHAN ZOURAS, LLP**
15720 Brixham Hill Avenue, Suite 331
Charlotte, NC 28277
Email: Pgibbons@stephanzouras.com